Larry N. OLINGER, Plaintiff,

v.

CITY OF PALM SPRINGS, a Municipal Corporation, and the United States of America, et al., Defendants.

Civ. No. 74–2476–AAH.

United States District Court, C. D. California.

Jan. 14, 1977.

United States and as to the other Federal Defendants having come on regularly for hearing before the Court on the 20th day of December, 1976, plaintiff being represented in Court by his attorneys of record, the City of Palm Springs being represented by its attorneys of record, and the Federal Defendants being represented in Court by their attorneys of record, and the Court having heard oral argument on the Motion for Dismissal of the Complaint as to all Federal Defendants named in the proceedings, and the Court having before it the Stipulated Statement of Facts herein filed on October 4, 1976, and being advised in the premises, now makes its

## FINDINGS OF FACT

1. The plaintiff is an Indian to whom the United States has allotted the lands described in plaintiff's Complaint. The United States holds fee title to said lands in trust for plaintiff. The lands described in plaintiff's Complaint are situated within the City of Palm Springs adjacent to the Municipal Airport.

2. The plaintiff's lawsuit on his own behalf seeks damages against the City of Palm Springs alleging inverse condemnation because of the enactment of a City Zoning Ordinance which prevents plaintiff from using his allotted lands for a residential development. The Complaint names the United States and various Federal Officers as defendants.

3. The Complaint and the Stipulated Statement of Facts executed by all the parties, herein filed on October 4, 1976, do not allege any wrongful acts on the part of the United States or of any of the other named Federal Defendants and no claim for damages or other relief is urged against any of the Federal Defendants.

4. The Complaint and Stipulated Statement of Facts fail to show that the individual Federal Defendants were acting in any capacity other than within the scope of their employment as agents of the United States.

Fadem, Berger & McIntire by Michael M. Berger, Beverly Hills, Cal., for plaintiff.

Jones & Wilson by Stephen L. Thomas, Los Angeles, Cal., for defendant City of Palm Springs and Raymond E. Ott, City Atty., Palm Springs, Cal.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civ. Div., Asst. U. S. Atty., Los Angeles, Cal., Charles W. Kircher, Jr., Asst. U. S. Atty., for defendant U. S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE FEDERAL DEFENDANTS ONLY

HAUK, District Judge.

The Motion of the Federal Defendants for Dismissal of the Complaint as to the

5. The Complaint and Stipulated Statement of Facts establish that this is an action for damages claimed by plaintiff for inverse condemnation of his allotted lands, and is not an action which would or could affect the fee title of the United States as Trustee to the lands here involved. The Court finds that the United States has not made an executive decision to join the plaintiff as a party plaintiff in these proceedings and has in fact declined to join the plaintiff in this action for damages.

6. The Complaint and the Stipulated Statement of Facts do not allege or show that the United States has given its consent to be sued in an action for damages for inverse condemnation based upon the individual determination by plaintiff as to the usage to which he desires to put his allotted lands. The Court finds that the United States has not waived its Sovereign Immunity and has not consented to be sued as a defendant in this action.

7. There are no issues of fact to be tried as to the Federal Defendants and all issues are issues of Law. Based upon the foregoing Findings of Fact the Court makes its

## CONCLUSIONS OF LAW

1. The plaintiff as owner of the allotted lands described in his Complaint can as a matter of Law maintain an action on his own behalf for its protection and the United States is not an indispensable party in such an action. *Poafbybitty v. Skelly Oil Co.*, 390 U.S. 365, 372, 88 S.Ct. 982, 19 L.Ed.2d 1238; *Heckman v. United States*, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820.

2. This being an action for damages for alleged inverse condemnation of the subject allotted lands the fee title of the United States, as Trustee, is not here taken.

3. The Court lacks jurisdiction over the United States as a defendant herein inasmuch as the United States has not consented to be sued. The action must be dismissed as an unconsented suit against the United States. See *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; see also *United States v. Preston*, 9 Cir., 352 F.2d 352, 355–356.

4. The Court lacks jurisdiction over the individual Federal Officers named as defendants inasmuch as they were acting within the scope of their statutory duties as agents of the United States. *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 701–702, 69 S.Ct. 1457, 93 L.Ed. 1628. The Complaint must be dismissed as to said individual Federal Defendants.

5. The Complaint does not state a cause of action upon which relief can be granted against the United States, and/or any of the Federal Defendants.

6. As a matter of Law, the Complaint must be dismissed as to all Federal Defendants.

Based upon the foregoing Findings of Fact & Conclusions of Law, let Judgment be entered.